[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11983
Non-Argument Calendar

_____

D. C. Docket No. 06-02168-CV-CAP-1

DAVID KAYNE,

Plaintiff-Appellant,

versus

THE THOMAS KINKADE COMPANY,
f.k.a. Media Arts Group, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 3, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

David Kayne ("Kayne") appeals a district court decision granting the

Thomas Kinkade Company's ("TKC") motion to compel arbitration and to dismiss this action. This case involves a contract dispute over the formation and terms of a 2001 credit application submitted by Kayne Art Galleries, of which Kayne is the owner and president, to TKC. The application contains an arbitration clause providing that all disputes arising out of the agreement shall be resolved by arbitration. It also contains a Personal Guaranty in which Kayne personally and individually guaranteed the payment of Kayne Art Galleries' debts and agreed to be bound by the arbitration clause. Following the initiation of arbitration proceedings against him by TKC, Kayne filed this action, seeking declaratory and injunctive relief against the enforcement of the arbitration clause against him on several grounds, including the argument that the parties' relationship was governed by a series of prior agreements. The district court determined that the parties properly entered into the 2001 credit agreement and that it obligates Kayne to arbitrate the issue of his individual liability. We agree with the district court's interpretation of the pertinent agreements and find no error in its factual findings. Accordingly, we affirm.

## Background

TKC produces, markets, and distributes the work of the artist Thomas Kinkade. Kayne is the owner and president of Kayne Art Galleries of GA, Inc.

2

Between 1998 and 2001, Kayne and Kayne Art Galleries entered into several agreements with TKC and its affiliates. In April 1998, prior to the formation of Kayne Art Galleries, Kayne in his individual capacity, submitted an application for credit with TKC. Subsequently, TKC and Kayne Art Galleries executed a series of Signature Dealer Agreements ("Dealer Agreements") under which Kayne Art Galleries was authorized to own and operate galleries with exclusive rights to sell Kinkade works. Each of the Dealer Agreements contained a provision requiring disputes to be resolved through arbitration.

In October 2001, Kayne signed and submitted a second credit application (the "Credit Application") to TKC. This application sought an extension of credit to Kayne Art Galleries, rather than to Kayne personally. The Credit Application contains an arbitration clause, which provides in pertinent part:

> DISPUTES: ANY DISPUTE OR CONTROVERSY ARISING FROM THIS AGREEMENT WILL BE RESOLVED BY ARBITRATION BY THE AMERICAN ARBITRATION ASSOCIATION AT SANTA CLARA COUNTY, CALIFORNIA.

In addition, the Credit Application contains a Personal Guaranty signed by Kayne that provides:

> THE UNDERSIGNED, FOR CONSIDERATION DO HEREBY INDIVIDUALLY AND PERSONALLY GUARANTY THE FULL AND PROMPT PAYMENT OF ALL INDEBTEDNESS HERETOFORE OR HEREAFTER INCURRED BY THE ABOVE BUSINESS. THIS GUARANTY SHALL NOT BE AFFECTED BY THE AMOUNT OF

3

CREDIT EXTENDED OR ANY CHANGE IN THE FORM OF SAID INDEBTEDNESS. NOTICE OF THE ACCEPTANCE OF THIS GUARANTY, EXTENSION OF CREDIT, MODIFICATION OF THE TERMS OF PAYMENT, AND ANY RIGHT OR DEMAND TO PROCEED AGAINST THE PRINCIPAL DEBTOR IS HEREBY WAIVED . . . . AS GUARANTOR, I AM ALSO BOUND BY THE ABOVE ARBITRATION CLAUSE.

TKC never signed the Credit Application. It did, however, extend credit to Kayne Art Galleries following its receipt of a signed copy from Kayne via facsimile.

In late 2002, Kayne Art Galleries became delinquent in its obligations to TKC. TKC initiated arbitration proceedings against Kayne and Kayne Art Galleries pursuant to the arbitration provisions in the Dealer Agreements. An arbitration panel in San Francisco, California, awarded TKC $588,555 and held Kayne personally liable. TKC moved to confirm the award in the U.S. District Court for the Northern District of California. The court confirmed the award against Kayne Art Galleries but vacated the award against Kayne individually on the ground that he was not a party to the Dealer Agreements governing the arbitration. The Ninth Circuit affirmed the district's court's judgment. *Thomas Kinkade Co. v. Kayne*, No. 05-15245, 2007 WL 1544430 (9th Cir. May 24, 2007).

Thereafter, TKC initiated arbitration proceedings in Santa Clara, California, against Kayne individually pursuant to the Credit Application's arbitration clause

4

and Personal Guaranty. In response, Kayne filed the instant action in the Northern District of Georgia to enjoin enforcement of the arbitration clause against him. TKC filed a motion to compel arbitration and to dismiss Kayne's claims. On March 29, 2007, the district court granted TKC's motion to the extent that it sought dismissal of the action and an order compelling arbitration. This appeal followed.

### *Jurisdiction*

Under the Federal Arbitration Act, an immediate appeal is allowed from a "final decision with respect to an arbitration." 9 U.S.C. § 16(a)(3). A final decision is one that "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (quotations omitted). This Court has extended the holding in *Green Tree* to situations in which the district court compels arbitration but dismisses the action without prejudice, explaining that the district court's order is final "insofar as compelled arbitration is concerned." *Hill v. Rent-a-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005). In the instant case, the district court's March 29, 2007 order is final because it left nothing for the court to do but execute the judgment. Accordingly, this Court has jurisdiction to consider the appeal.

### *Standard of Review*

5

We review *de novo* a district court order compelling arbitration. *Jackson v. Cintas Corp.*, 425 F.3d 1313, 1316 (11th Cir. 2005).

## Discussion

Kayne argues that the district court erred in finding that the Credit Application was supported by consideration and in finding that TKC accepted the agreement by performance. In addition, he argues that the district court erred in interpreting the Credit Application to require arbitration of issues arising from the Personal Guaranty. Finally, he argues that the district court erred in finding that there was no triable issue of fact regarding the existence of an agreement to arbitrate. We find each of these objections to be without merit.

### 1. Consideration

The district court found that the extension of credit to Kayne Art Galleries constituted consideration for the Credit Agreement/Personal Guaranty. We agree. Under Georgia and California law,[1] the lending of money or the extension of credit is sufficient consideration to support the guaranty of a loan. *Beard v. McDowell*, 331 S.E.2d 104, 106 (Ga. Ct. App. 1985); *Beverly Hills Nat'l Bank v. Glynn*, 267 Cal. App. 2d 859, 867 (Cal. Ct. App. 1968). In this case, it is undisputed that TKC extended credit to Kayne Art Galleries after Kayne executed the Credit

---

[1] The parties are in dispute as to which state's law should govern this action. We do not reach this issue because the choice of law does not alter the outcome.

6

Application/Personal Guaranty. This extension of credit constituted adequate consideration for the agreement.

We likewise agree with the district court's finding that there existed consideration to support the Personal Guaranty's arbitration clause. In both Georgia and California, mutual promises and obligations constitute sufficient consideration to support a contract. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1376 (11th Cir. 2005) (applying Georgia law); *Johnson v. Holmes Tuttle Lincoln-Mercury, Inc.*, 325 P.2d 193, 196 (Cal. Ct. App. 1958). Here, TKC and Kayne mutually promised to be bound by arbitration in the event of a dispute arising out of the Credit Application/Personal Guaranty. The district court properly found that these mutual promises constituted consideration for the arbitration clause.

Kayne contends that there was no consideration to support the Credit Application/Personal Guaranty because TKC already was obligated to extend credit to Kayne Art Galleries under the Dealer Agreements, which contained the following provision: "DEALER is approved for extended, net 60 day (from date of invoice), credit terms on all purchases." This pre-existing obligation, he argues, could not serve as consideration for an identical duty under the Credit Application/Personal Guaranty.

7

The district court rejected this interpretation of the Dealer Agreements, finding that they did not require the extension of credit to Kayne Art Galleries, and we agree. Nothing in the Dealer Agreements obliges TKC to extend credit to Kayne Art Galleries indefinitely or in an unlimited amount. The language relied upon by Kayne merely indicates that Kayne Art Galleries was approved for credit at the time each Dealer Agreement was executed. Other provisions of the Dealer Agreements contemplate that evaluations of Kayne Art Galleries' credit worthiness would be required on an ongoing basis. Moreover, the Dealer Agreements provide no terms according to which credit would be extended. The district court properly rejected Kayne's interpretation of these agreements.

### 2. Acceptance

We agree with the district court's determination that TKC accepted the Credit Application/Personal Guaranty by performance when it extended credit to Kayne Art Galleries. Under Georgia and California law, acceptance of an offer may be accomplished by performance of the thing contemplated in the offer. *Moreno v. Strickland*, 567 S.E. 2d 90, 93 (Ga. Ct. App. 2002); *Estate of Klauenberg*, 108 Cal. Rptr. 669, 671 (Cal. Ct. App. 1973). An offer that specifies the manner in which it is to be accepted must be accepted in that manner. *Caley*, 428 F.3d at 1374 (applying Georgia law); *see In re First Capital Life Ins. Co.*, 40

8

Cal. Rptr. 2d 816, 819 (Cal. Ct. App. 1995). In this case, however, the Credit Agreement/Personal Guaranty does not specify a manner of acceptance. Accordingly, we conclude that TKC's performance was sufficient to satisfy this requirement.

Kayne argues that TKC did not accept the Credit Application/Personal Guaranty by performance because TKC did not increase Kayne Art Galleries' credit limit. According to Kayne, the Credit Application/Personal Guaranty contemplated that Kayne Art Galleries would receive an increase in credit over the amount provided under the Dealer Agreements. However, as discussed above, nothing in the Dealer Agreements required TKC to extend credit to Kayne Art Galleries in a specified amount or for an indefinite period. The district court properly determined that these agreements did not preclude TKC's acceptance of the Credit Application/Personal Guaranty by performance.[2]

3.    *Applicability of Arbitration Clause to Kayne*

Kayne argues that the Personal Guaranty does not obligate him to arbitrate

---

[2] Kayne argues that the doctrine of collateral estoppel compels a finding that the Credit Application/Personal Guaranty was intended to effect an increase in Kayne Art Gallery's credit limit. This argument is based on a statement in Judge Illston's opinion the Northern District of California proceeding that Kayne submitted the Credit Application/Personal Guaranty "in order to increase [Kayne Art Galleries'] credit limit with TKC." We conclude that this statement has no preclusive effect on the instant case because the finding was not a "critical and necessary part of the judgment in the first action." *I.A. Durbin Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). The issue before Judge Illston was Kayne's possible liability under the Dealer Agreements, not the formation of the Credit Application/Personal Guaranty.

the issue of his personal liability to TKC. He interprets the arbitration clause in the Personal Guaranty merely to require that he not object to an arbitration finding against Kayne Art Galleries in a subsequent proceeding. We reject this interpretation because it conflicts with the plain language of the agreement, which provides: "AS GUARANTOR, I AM ALSO BOUND BY THE ABOVE ARBITRATION CLAUSE." It does not say that Kayne is bound to the result of an arbitration between TKC and Kayne Art Galleries.

Moreover, as the district court found, Kayne's interpretation renders the Personal Guaranty's arbitration clause meaningless. There would be no need for Kayne to agree in his personal capacity that a dispute between TKC and Kayne Art Galleries is subject to arbitration. That requirement was established by the arbitration clause in the Credit Application. A contract should be interpreted in a manner that gives effect to each of its provisions. *VATACS Group, Inc. v. HomeSide Lending, Inc.*, 623 S.E.2d 534, 538 (Ga. Ct. App. 2005); *Comm. for Responsible Sch. Expansion v. Hermosa Beach City Sch. Dist.*, 48 Cal. Rptr. 3d 705, 713 (Cal. Ct. App. 2006). We agree with the district court's interpretation of the Personal Guaranty.[3]

---

[3] We also note the "unquestionably strong federal policy favoring obligation." *Blinco v. Green Tree Servicing LLC*, 400 F.3d 1308, 1311 (11th Cir. 2005). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* (quoting *Moses H.*

(continued...)

10

*4.     Triable Issues of Fact*

Kayne argues that the district court erroneously found that there were no triable issues of fact concerning the existence of an agreement to arbitrate. He asserts that, contrary to the district court's finding, he testified that neither he nor Kayne Art Galleries purchased artwork from TKC pursuant to Kayne's 1998 credit application.

We "accept[] the district court's findings of fact that are not clearly erroneous." *Multi-Financial Securities Corp. v. King*, 386 F.3d 1364, 1367 (11th Cir. 2004). We find no clear error in the district court's factual findings. While Kayne in his affidavit did deny purchasing artwork pursuant to the 1998 credit application, he did not explicitly deny that TKC extended him credit for that purpose. The district court did not err in so finding.

### Conclusion

We affirm the judgment of the district court.

**AFFIRMED.**

---

[3](...continued)
*Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)).